```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/20/16
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
BERNARDO VILLALVA ESTRADA and
AMADOR URBANO,

         Plaintiffs,

     -against-

BRUNO'S BEST PIZZA, INC. d/b/a BEST PIZZA
ON 1ST, QANI OSMANI a/k/a JOHN OSMANI,
jointly and severally,

         Defendants.
------------------------------------------------------------X

14 Civ. 1238 (RMB) (SN)

**DECISION & ORDER**

    Having reviewed the record herein, including without limitation: **(i)** the parties' Settlement Agreement, dated March 31, 2016 ("Settlement Agreement"), resolving the claims of Plaintiffs Bernardo Villalva Estrada, a pizza deliveryman, and Amador Urbano, a cook, ("Plaintiffs") for unpaid wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and the New York Labor Law § 650 et seq.; **(ii)** the Court's Decision and Order, dated May 13, 2016, approving a $25,000 settlement (which included unpaid wages and Plaintiffs' Counsel's legal fees) ("Decision and Order"). The Court modified the proposed allocation of the $25,000 settlement by increasing Plaintiffs' settlement award (unpaid wages) from $12,500 to $17,586.27 and by simultaneously reducing Plaintiffs' Counsel's legal fees from $12,500 (50% of the total settlement amount) to $6,839.11 (28% of the total settlement amount); **(iii)** Plaintiffs' Counsel's motion for reconsideration of the Court's Decision and Order, dated May 27, 2016, seeking to restore Plaintiffs' Counsel's attorney's fees (and reduce Plaintiffs' awards) (Pls.' Mem. of Law in Supp. of Mot. for Recons., dated May 27, 2016, at 15); **(iv)** this Court's Order, dated January 22, 2016, in a case involving similar unpaid wage claims by other workers against the same Defendants, Perez, et al. v. Bruno's Best Pizza, et al., No. 15 Civ. 1625 (Jan. 22, 2016);

and **(v)** applicable legal authorities, **the Court hereby denies Plaintiffs' Counsel's motion for reconsideration as follows:**[1]

**(1)** "[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). "[R]econsideration is an extraordinary remedy that may not be used to consider facts, issues, or arguments that were not previously before the Court." Wells Fargo Bank, N.A. v. Ullah, 2014 WL 2117243, at *1 (S.D.N.Y. May 21, 2014). Plaintiffs' Counsel do not identify any "controlling decisions or data" that the Court overlooked, except for Plaintiffs' Counsel's hourly rates which were not supplied to the Court until May 27, 2016, well after the Decision and Order. Thus, the only "new facts" are Plaintiffs' Counsel's hourly rates. They, in fact, are adverse to Plaintiffs' Counsel's claim for reconsideration, as explained infra pp. 4-5.

**(2)** Plaintiffs' Counsel's argument that "it was error for the Court to . . . scrutiniz[e] the payment of attorney's fees," (Pls.' Mem., at 7), is unpersuasive because "[w]here [as here] a proposed settlement of FLSA claims includes the payment of attorney's fees, the court **must** also assess the reasonableness of the fee award." Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 336 (S.D.N.Y. 2012) (emphasis added). The Court did so in this case and determined that Plaintiffs' Counsel's legal fees were excessive and should be reduced from $12,500—or 50% of the total settlement amount—to $6,839.11—or 28% of the total settlement amount. Decision and Order, at 3-5.

---

[1] **Any issues raised by Plaintiffs' Counsel not specifically addressed herein were considered by the Court on the merits and rejected.**

(3)     The timesheets (such as they were) submitted by Plaintiffs' Counsel prior to the Decision and Order did not persuade the Court to support a claim for $12,500 in fees and costs because, among other things, many billing entries were "imprecise and vague," "duplicative and/or confusing," block-billed, and excessive. Decision and Order, at 4-5. These timesheet deficiencies warranted reductions in the fees awarded to Plaintiffs' Counsel. See, e.g., Gordon v. Site 16/17 Dev., LLC, 2011 WL 3251520, at *5 (S.D.N.Y. July 28, 2011) (reducing attorney's fees by 20% for "vague and duplicative" time entries). The Court also found that the proposed award of 50% of the total settlement amount for legal fees and costs was excessive. Decision and Order, at 3-4; see Thornhill v. CVS Pharmacy, Inc., 2014 WL 1100135, at *3 (S.D.N.Y. Mar. 20, 2014) (The "requested fee in relation to the total settlement—approximately 52%—is unreasonably high"). **Indeed, courts in this Circuit have routinely found fees in FLSA cases of 20 percent or less of the total settlement to be reasonable and consistent with fees granted in other class actions.** See Cisneros v. Schnipper Rest. LLC, 2014 WL 67235, at *2 (S.D.N.Y. Jan. 8, 2014).

(4)     Courts in this District routinely reduce attorney's fees and also redistribute attorney's fees among Plaintiffs on a pro rata basis. See Thornhill, 2014 WL 1100135, at *3; see also Run Guo Zhang v. Lin Kumo Japanese Rest. Inc., 2015 WL 5122530, at *4 (S.D.N.Y. Aug. 31, 2015) (same); Agudelo v. E & D LLC, 2013 WL 1401887, at *3 (S.D.N.Y. Apr. 4, 2013) (same). After the Court's redistribution in this case, Plaintiffs' recovery increased from $12,500 to $17,586.27, still less than their maximum possible recovery of $22,888.29. See Decision and Order, at 6.

(5)     Plaintiffs' Counsel unpersuasively assert that the "Court should have applied [a] greater range of reasonableness for [their] attorney's fees." (Pls.' Mem., at 7.) The Court's process was to **carefully scrutinize the settlement and the circumstances in which it was reached, if only**

**to ensure that the interest of Plaintiffs' Counsel in counsel's own compensation did not adversely affect the extent of the relief counsel achieved for their clients**. See Wolinsky, 900 F. Supp. 2d at 336. The Court notes that this motion for reconsideration is unopposed—thus placing Plaintiffs' Counsel "in a potentially conflicting position in relation to the interests of [their clients]." In re Agent Orange Prod. Liab. Litig., 818 F.2d 216, 222 (2d Cir. 1987); see also Silva v. Miller, 307 F. App'x 349, 351 (11th Cir. 2009) (The "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure . . . that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement").

(6)     It should be underscored that Plaintiffs' Counsel failed to submit adequate contemporaneous billing records in response to the Court's Order, dated May 9, 2016. See Order, dated May 9, 2016 (Dkt. # 75). That is, the billing records submitted by counsel on May 10, 2016 were deficient in that they did not include their **hourly rates or adequate biographical information**. Decision and Order, at 4. At the time (May 10, 2016), Plaintiffs' Counsel provided what they called an "effective average hourly rate" ($134.29), which apparently was arrived at by dividing the proposed legal fee after costs ($11,925.38) by the total hours allegedly billed (88.8). See supra p. 3; (Pls.' Mem., at 8). They failed to provide the actual billing rates of Plaintiffs' Counsel with their May 10, 2016 submission.

(7)     It turns out that Plaintiffs' Counsel's effective average hourly rate of $134.29 appears to be much lower than the actual billing rates—which counsel did not file until May 27, 2016, i.e. $350 for Justin Zeller, $300 for Brandon Sherr, and $250 for John Gurrieri. (Pls.' Mem., at 9.) Thus, the actual hourly rates now appear to be much higher than the effective average hourly rate initially provided to the Court. "**If proper records are not submitted, the court may deny fees altogether or it may reduce the award.**" Wolinsky, 900 F. Supp. 2d at 337 (emphasis added);

4

see also Flores-Mendieta v. Bitefood Ltd., 2016 WL 1626630, at *2 (S.D.N.Y. Apr. 21, 2016) (denying a fee request which "ma[de] no mention of the hourly rates charged by Plaintiffs counsel"). Plaintiffs' Counsel's failure to file proper billing records on or before May 10, 2016 was a factor considered by the Court in its Decision and Order. See Decision and Order, at 4 (quoting Wolinsky, 900 F. Supp. 2d at 337) ("If proper records are not submitted, the court may deny fees altogether or it may reduce the award.").

(8)   Plaintiffs' Counsel contend unpersuasively that "the Court erred by applying Goldberger" rather than Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany, 493 F.3d 110 (2d Cir. 2007). (Pls.' Mem., at 12.) First, as noted, Plaintiffs' Counsel failed to submit timely contemporaneous billing records and the Court was unable to calculate the lodestar because the records submitted by Plaintiffs' Counsel **failed to provide their hourly rates**. See Decision and Order, at 4. Second, both Plaintiffs' award and Plaintiffs' Counsel's fees are drawn from what is essentially a "common fund" rather than being paid separately by Defendants. See McDaniel v. Cnty. of Schenectady, 595 F.3d 411, 418 (2d Cir. 2010); (see Settlement Agreement, dated Mar. 31, 2016, ¶ 3). "[T]here is no legal or logical reason to view the attorney's fee award as distinct from the award to Plaintiffs." Thornhill, 2014 WL 1100135, at *2 n.1. Third, "[c]ourts have relied on 'common fund' principles . . . to award fees to lead counsel in cases that do not actually generate a common fund." In re GM Trucks Litig., 55 F.3d 768, 821 (3d Cir. 1995); see also McDaniel, 595 F.3d at 421.

(9)   Although parties have a right to seek reconsideration, this motion only further delays Plaintiffs' recovery of their lost wages.[2] See Agudelo, 2013 WL 1401887, at *3 ("[T]he FLSA .

---

[2] The Court also notes that Plaintiffs' Counsel was over three months late in submitting the Settlement Agreement for the Court's review. See Order, dated Mar. 22, 2016 (Dkt. # 72); Tr., dated Mar. 24, 2016, at 2:5-7. That delay also impacted a material term of the settlement, as

. . w[as] enacted to help disadvantaged employees, not their lawyers."). Counsel are directed to ensure that Plaintiffs are paid $7,079.05 ($6,375.60 to Estrada and $703.45 to Urbano) by noon on Friday, June 24, 2016. The Court will conduct a status conference on Tuesday, June 28, 2016 at 9:30 a.m.

**Conclusion & Order**

For the foregoing reasons, Plaintiffs' Counsel's motion for reconsideration [# 79] is denied.

Dated: New York, New York
       June 20, 2016

_____
RICHARD M. BERMAN, U.S.D.J.

---

Plaintiffs were supposed to receive their first payments on February 1, 2016 and, as far as the Court is aware, still have not been paid, see Tr., dated Mar. 24, 2016, at 2:12-14; 4:3-8. See In re World Trade Ctr. Disaster Site Litig., 754 F.3d 114, 127 (2d Cir. 2014).